IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON QUINTEROS, | : | 4:15-cv-2098 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | (Magistrate Judge Saporito) |
| WARDEN MARY SABOL, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by the petitioner, Nelson Quinteros, under 28 U.S.C. §2241. We have determined that the petitioner has been placed in removal proceedings, and has been detained pre-removal, pursuant to 8 U.S.C. §1126(c) for more than 30 months while these immigration proceedings have progressed. Both the Government and the petitioner have agreed that the petitioner is entitled to a bond hearing before an immigration judge. (Docs. 21, 22). For the reasons set forth herein and based upon the parties' mutual positions that the petitioner is entitled to a hearing, we will recommend that this matter be referred to an Immigration Judge to afford the petitioner an individualized bail hearing under Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015).

I.      Background

The petitioner is a native and a citizen of El Salvador who entered the United States with his mother without inspection near Eagle Pass, Texas on February 13, 2001. (Doc 6-1 at 4). On October 16, 2013, the petitioner was convicted of conspiracy to assault with a dangerous weapon in aid of racketeering in the United States District Court for the Eastern District of New York. (Id.). He was sentenced to incarceration for 30 months. (Id.). After he was released by the Federal Bureau of Prisons on April 4, 2014, the petitioner was taken into custody by immigration officials and was served with a Notice of Intent to Issue a Final Administrative Removal Order and a Final Administrative Removal Order. (Doc. 1 at 4). The removal order concluded that the petitioner was "deportable as charged" and ordered that he be removed to El Salvador. (Doc. 6-1 at 19). Thereafter, the matter was referred to an Immigration Judge on July 1, 2014, because an asylum officer concluded that the petitioner expressed a reasonable fear of persecution or torture if removed to El Salvador. (Id. at 20). The matter had significant delays attributable to, in part, the petitioner, the reassignment of the matter to a different detail judge, and the motions for continuance filed by the petitioner's

counsel. Despite the delay and for whatever reason, the petitioner remained detained.

II. Discussion

The parties' submissions reflect that they agree that the petitioner is entitled to a bond hearing before an immigration judge. Further, they agree that the hearing should be conducted under the guidance of <u>Chavez-Alvarez</u>, 743 F. 3d 469 and <u>Diop v. ICE/Homeland Security</u>, 656 F.3d 222, 223 (3d Cir. 2011) where the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.

III. Recommendation

For the foregoing reasons, and by mutual request of the parties, it is recommended that this matter be referred to an Immigration Judge to afford the petitioner an individualized bail hearing consistent with the legal benchmarks outlined above. We further recommend that the Referral Order explicitly provide that:

1. The individualized bail hearing before an Immigration Judge shall be conducted within **thirty (30) days** of the date of the Referral Order;

2. At this hearing, the Immigration Judge shall make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that the petitioner attends removal proceedings and that his release will not pose a danger to the community, see Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 475 (3d Cir. 2015);

3. At this hearing, the Government shall bear the burden of presenting evidence and proving that continued detention is necessary to fulfill the purposes of the detention statute, see Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011);

4. At this hearing, the proceedings shall be recorded by audio, audiovisual, or stenographic means;

5. The parties shall report to this court on the outcome of this individualized bail determination by an Immigration Judge within **seven (7) days** after the date of the hearing;

6. This court retains jurisdiction to conduct its own bail review, if necessary, under the standards governing bail in habeas corpus proceedings; and

7. This matter be remanded to the undersigned United States Magistrate Judge for further proceedings, including scheduling and holding, if necessary, a bail determination hearing under the standards governing bail in habeas corpus proceedings.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: October 14, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON QUINTEROS, | : | 4:15-cv-2098 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | (Magistrate Judge Saporito) |
| WARDEN MARY SABOL, | : | |
| Respondent. | : | |

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated October 14, 2016**.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

                                              ***s/ Joseph F. Saporito, Jr.***
                                              JOSEPH F. SAPORITO, JR.
                                              United States Magistrate Judge

Dated: October 14, 2016